IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIANJIN FREE TRADE ZONE YONGXING PARALLEL IMPORTED AUTOMOTIVE TRADING CO., LTD., ) ) ) ) | | |
| Plaintiff, ) ) | | |
| v. ) ) | Case No. 6:18-cv-3070-MDH | |
| EXECUTIVE COACH BUILDERS, INC., ) et al., ) Defendants. | | |

## ORDER

Before the Court is Defendants' Motion to Dismiss and Compel Arbitration. (Doc. 8). Defendants request that the Court dismiss this action and compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq* and the valid arbitration agreement contained in the parties' contracts at issue in this matter. Plaintiff has filed a response arguing that the arbitration agreement should not be enforced and that only defendant Damin Investments, LLC executed the documents. Defendants' Motion is ripe for review.

## BACKGROUND

For purposes of analyzing the pending Motion to Compel Arbitration, the relevant facts taken from Plaintiff's Verified Complaint are summarized as follows:

Plaintiff entered into an agreement with Defendants to purchase certain high-end new vehicles from Defendants to be shipped to Plaintiff in China at Defendants' expense. Plaintiff states "pursuant to the terms of the Agreement" Defendants would acquire, sell and transport vehicles to Plaintiff in China. Defendants formed Damin Investments, LLC to facilitate export of the vehicles.

1

Plaintiff states on January 5, 2016, "as the first phase of the Agreement," the parties executed a document entitled Export Sales Contract, which "confirmed the Agreement" and provided "specific details regarding the first shipment of Vehicles Defendants were to acquire, sell and transport…" Plaintiff attached the Export Sales Contract to its Verified Complaint. (Doc. 1-2 "Ex. A"). Plaintiff transferred $150,000.00 to Defendants as a deposit.

On or about February 23, 2016, "as the second phase of the Agreement," the parties signed a second document entitled Export Sales Contract, which "again confirmed the Agreement and provided specific details regarding the second shipment of vehicles…." Plaintiff attached the Export Sales Contract to its Verified Complaint. (Doc. 1-3 "Ex. B"). Plaintiff transferred $180,000.00 to Defendants as a deposit.

Plaintiff contends that despite the written agreements, and the transfer of the deposits, Defendants failed and refused to perform their obligations under the "Agreement." Plaintiff brings claims for Breach of Contract; Fraud; Negligent Misrepresentation; Conversion; and Civil Conspiracy. Defendants argue, pursuant to the contracts at issue, Plaintiff's claims should be compelled to arbitration.

## DISCUSSION

The Supreme Court has stated that arbitration is a matter of contract and a party cannot be required to submit a dispute to arbitration if he did not agree to submit it. *Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Ironworkers, Shopman's Local 493 v. EFCO Corp. & Const. Products,* 359 F.3d 954, 955-56 (8th Cir. 2004); citing, *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). The Court must first determine whether there is a valid and binding arbitration agreement between the parties. That issue is a matter of contract. See *Newspaper Guild of St. Louis, Local 36047, TNG-CWA v. St.*

*Louis Post Dispatch, LLC*, 641 F.3d 263, 266 (8th Cir. 2011) (internal citation omitted). When deciding whether to compel arbitration, the Court must first ask whether a valid agreement to arbitrate exists between the parties. *Id.* The Court "must engage in a limited inquiry to determine whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the scope of that agreement." *Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc.*, 516 F.3d 695, 699 (8th Cir. 2008) (internal citation omitted). Arbitration is a matter of contract, and "arbitrators derive their authority to resolve disputes only because the parties have agreed" to it. *Id.* at 700 (internal citation omitted). If an agreement does exist, the Court can determine whether the dispute falls within the scope of that agreement. *United Steelworkers of Am. v. Duluth Clinic, Ltd.*, 413 F.3d 786, 788 (8th Cir.2005). Further, unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator. *AT & T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649, 106 S. Ct. 1415, 1418, 89 L. Ed. 2d 648 (1986).

Defendants argue the terms of the parties' contracts are clear with regard to the issues of arbitrability. The Export Sales Contracts state, in part:

> In the course of executing this contract, all disputes not resolved by amicable agreement shall be settled by Arbitration in Missouri. The Arbitration court in Missouri's awards shall be final and binding to both parties. The arbitration fee and other charges shall be borne by the losing party, unless otherwise agreed.

(Doc. 1-2; 1-3).

Plaintiff's opposition to the Motion to Compel argues that the Export Sales Contracts provide the "specific details regarding the export and shipment of vehicles" and that these documents are simply "purchase orders" under the "Agreement." Plaintiff contends the Export Sales Contracts are "merely a device utilized by the parties to facilitate the export/shipping aspect

3

of the 'Agreement,' but they are not the 'Agreement' itself." (Doc. 13). Plaintiff argues that "the arbitration clause at issue is not contained in the Agreement Plaintiff is suing on."

The Court is not persuaded by Plaintiff's argument. Plaintiff's Verified Complaint references and contains the Export Sales Contracts as part of its claims. These contracts, which are attached to Plaintiff's complaint, contain arbitration clauses. There is no other Agreement attached to Plaintiff's Complaint, nor does Plaintiff submit one to the Court in its opposition to Defendants' pending motion. Plaintiff's argument that these contracts are not the "Agreement" upon which it bases its claims is contrary to the facts and exhibits contained in its own Verified Complaint. While Plaintiff references a global agreement between the parties, it provides no other written agreement or any additional terms that contradict the arbitration provisions agreed to by the parties and submitted to the Court.

Plaintiff also argues that only Damin Investments, LLC is mentioned in the Export Sales Contract and therefore, the other named Defendants are not entitled to enforce the arbitration provision. First, Plaintiff's Verified Complaint alleges that "Defendants formed Defendant Damin Investments, LLC to facilitate export of the Vehicles to Plaintiff in China." (Doc. 1, ¶ 16). Plaintiff further alleges that as the first and second phase of the Agreement, Plaintiff and *Defendants* executed a document entitled "Export Sales Contract." (Doc. 1, ¶¶ 17, 19) (*emphasis added*). Plaintiff's Verified Complaint treats all the Defendants as acting as one unit for purposes of this dispute, including the formation of Damin Investments and execution of the sales contracts. The Court is not persuaded by Plaintiff's argument that because all Defendants did not individually sign the agreements they are not bound by its terms. See e.g., *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 728 (8th Cir. 2001) ("It would be inequitable to allow appellants to

4

claim that these parties are liable for failure to perform under a contract and at the same time to deny that they are contractual parties in order to avoid enforcement of the arbitration clause.").

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Court hereby **GRANTS** Defendants Motion to Dismiss and Compel Arbitration. (Doc. 8). The Court finds that all issues raised by Plaintiff are subject to arbitration and therefore **ORDERS** that Plaintiff's Verified Complaint is dismissed.

**IT IS SO ORDERED.**

DATED: July 30, 2018

                                             */s/ Douglas Harpool*
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**